**2022 UT App 121**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellant,
*v.*
A.C.,
Appellee.

Opinion
No. 20210466-CA
Filed November 3, 2022

Third District Juvenile Court, Tooele Department
The Honorable Elizabeth M. Knight
No. 1190115

Sean D. Reyes, Carol L.C. Verdoia, and
John M. Peterson, Attorneys for Appellant

Andrew L. Roth, Attorney for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGE RYAN D. TENNEY and JUSTICE JILL M. POHLMAN concurred.[1]

MORTENSEN, Judge:

¶1      After A.C., an eighteen-year-old, had consensual sex with
a minor, he challenged his inclusion in the Division of Child and
Family Services' (DCFS) database of perpetrators of "[s]evere
type[s] of child abuse or neglect." *See* Utah Code Ann. § 80-2-
708(1) (LexisNexis Supp. 2022). The juvenile court agreed that he
should not have been included in the database, concluding that
he had not committed "severe abuse" as defined by the relevant

---

1. Justice Jill M. Pohlman began her work on this case as a member
of the Utah Court of Appeals. She became a member of the Utah
Supreme Court thereafter and completed her work on the case
sitting by special assignment as authorized by law. *See generally*
Utah R. Jud. Admin. 3-108(4).

statute. *See id.* § 80-1-102(78)(a). But the statute makes clear that any sexual abuse of a minor by an adult is a severe type of child abuse or neglect for the purposes of the database. *Id.* Therefore, we reverse.

## BACKGROUND[2]

¶2 A police detective walked up to a parked car on May 7, 2020, and found A.C. and a minor inside putting on clothing. A.C. was eighteen, the minor fifteen. "[B]oth parties factually consented to having sex." "The parties had been friends" beforehand, and "there was no coercion" involved.

¶3 The police referred the incident to DCFS. DCFS maintains the Management Information System (MIS) database to track child welfare and child protective services cases. *See* Utah Code Ann. § 80-2-1001(3)–(4) (LexisNexis Supp. 2022).[3] The Licensing Information System (LIS) is a subset of the MIS intended "for licensing purposes," *see id.* § 80-2-1002(1)(a)(i), that has additional ramifications, as an alleged perpetrator on the LIS "may be disqualified from adopting a child, receiving state funds as a child care provider, or being licensed by" DCFS, a human services program, a "child care provider or program," or "a covered health care facility." *See id.* § 80-2-708(2)(a)(v).[4] The LIS identifies

---

2. The underlying facts of this case are undisputed.

3. The sections of the Utah Code referenced in this opinion have undergone extensive renumbering since the events at issue occurred. But because the relevant language is materially unchanged, we cite the current code throughout this opinion unless otherwise noted.

4. Human services programs include, among other things, foster homes, youth programs, residential treatment and support

(continued…)

individuals found to have committed a "[s]evere type of child abuse or neglect." *See id.* § 80-2-708(1). Individuals are placed on the LIS after such a finding is deemed "supported" by DCFS, *see id.* § 80-2-708(1)(b), or "substantiated" by a juvenile court, *see id.* § 80-3-404(1).[5]

¶4     After investigating A.C., DCFS entered a "supported finding of Sexual Abuse against [him]" and placed him on the LIS.

¶5     A.C. challenged DCFS's finding by petitioning the juvenile court. *See id.* § 80-2-708(3)(a) ("Upon receipt of the notice [of a supported finding], the alleged perpetrator has the right to . . . immediately petition the juvenile court . . . ."); *see also id.* § 80-3-404(1) ("If an abuse, neglect, or dependency petition is filed with the juvenile court that informs the juvenile court that the division has made a supported finding that an individual committed a severe type of child abuse or neglect, the juvenile court shall . . . make a finding of substantiated, unsubstantiated, or without merit.").

¶6     After a trial, the juvenile court concluded that A.C.'s actions constituted "sexual abuse" of a minor but ordered "that the finding for sexual abuse, severe, shall be changed to

---

programs, and facilities providing adult day care. *See* Utah Code Ann. § 62A-2-101(25)(a) (LexisNexis Supp. 2022); *see also id.* § 62A-2-120 (indicating that DCFS will check the LIS as part of an applicant's background check); *id.* § 62A-2-121 (indicating that DCFS may access the LIS to determine whether a person is listed therein, and describing whom it may inform of its findings).

5. A finding is "supported" when DCFS investigates and finds "a reasonable basis to conclude that abuse, neglect, or dependency occurred." *Id.* § 80-1-102(89). It is "substantiated" when a juvenile court concludes "based on a preponderance of the evidence . . . that abuse, neglect, or dependency occurred." *Id.* § 80-1-102(87).

unsupported" and that "a finding for sexual abuse, non-severe, [be] substantiated." The juvenile court based its order on its application of section 78A-6-105 of the Juvenile Court Act, which defined "severe abuse" as that which "causes or threatens to cause serious harm to a child." *See id.* § 78A-6-105(51) (Supp. 2020) (renumbered 2021).[6] While the court acknowledged that sexual abuse of a child by an adult usually causes or threatens serious harm, it stated it could not "find that the sexual abuse" here did so, because A.C. and the minor "were friends and were mutually engaging in sexual conduct" and because the minor "did not view herself as a victim and refused to be interviewed by [DCFS]."

¶7 The State filed a motion seeking post-judgment relief, arguing that all sexual abuse is a "[s]evere type of child abuse or neglect" under the definition (the Definition) given for that term.

---

6. Since the events at issue, the statutes in question have undergone multiple changes. DCFS made a finding of sexual abuse, which fell under Utah Code sections 62A-4a-101(30) and 78A-6-105(53) at the time. *See* Utah Code Ann. §§ 62A-4a-101(30), 78A-6-105(53) (LexisNexis Supp. 2020). DCFS determined that sexual abuse constituted a "severe type of child abuse or neglect"—defined at the time in section 62A-4a-1002(1)(a), *see id.* § 62A-4a-1002(1)(a) (2018)—and listed A.C. on the LIS pursuant to section 62A-4a-1005(1)(b), *see id.* § 62A-4a-1005(1)(b) (2018). Since then, Utah Code Title 78A—the Juvenile Court Act—was recodified as Title 80, Utah Juvenile Code, effective September 1, 2021. *See* Act of Sept. 1, 2021, ch. 261, 2021 Utah Laws 1752, 1752. Section 62A-4a-1005 is found at section 80-2-708, effective September 1, 2022. *See* Act of Sept. 1, 2022, ch. 334, § 63. Section 62A-4a-1002 is repealed, *see id.* § 144, but the definition given there is now found at section 80-1-102(78)(a). *See* Utah Code Ann. § 80-1-102(78)(a) (Supp. 2022); Act of Sept. 1, 2022, ch. 430, § 65.

*See* Utah Code Ann. § 80-1-102 (LexisNexis Supp. 2022).[7] The juvenile court denied the motion.

ISSUE AND STANDARD OF REVIEW

¶8     The State now appeals both the denial of its post-judgment motion and the juvenile court's original order. The State contends that the juvenile court incorrectly interpreted and applied the Definition and that all "sexual abuse" by an adult against a minor qualifies as a "[s]evere type of child abuse or neglect" for the purposes of the LIS. "Questions of statutory interpretation are questions of law that we review for correctness." *In re A.K.*, 2012 UT App 232, ¶ 11, 285 P.3d 772 (cleaned up).

ANALYSIS

¶9     The Definition is unambiguous: sexual abuse by an adult against a minor is a "[s]evere type of child abuse or neglect" for the purposes of the LIS. *See* Utah Code Ann. § 80-1-102(78)(a) (LexisNexis Supp. 2022). Analysis of harm to the minor is neither necessary nor appropriate.

¶10    "In undertaking statutory construction, we look first to the plain language of a statute to determine its meaning. Only when there is ambiguity do we look further." *Brewster v. Brewster*, 2010 UT App 260, ¶ 16, 241 P.3d 357 (cleaned up). The legislature has mandated that "[i]f, after investigation, [DCFS] makes a supported finding that an individual committed a severe type of child abuse or neglect, [DCFS] shall" enter the person's "name and other identifying information" and its finding against that

---

7. The Definition previously found at section 62A-4a-1002(1)(a) and now found at section 80-1-102(78)(a) is materially unchanged. *Compare* Utah Code Ann. § 62A-4a-1002(1)(a) (2018), *with id*. § 80-1-102(78)(a) (Supp. 2022).

person into the LIS. *See* Utah Code Ann. §§ 80-2-708(1), 80-2-1002(2) (LexisNexis Supp. 2022). Here the parties dispute the meaning of "[s]evere type of child abuse or neglect." The Definition reads, in pertinent part,

> "Severe type of child abuse or neglect" means . . . :
> (i) if committed by an individual who is 18 years of age or older:
>> (A) chronic abuse;
>> (B) severe abuse;
>> (C) sexual abuse;
>> (D) sexual exploitation;
>> (E) abandonment;
>> (F) chronic neglect; or
>> (G) severe neglect; or
> (ii) if committed by an individual who is under 18 years old:
>> (A) . . .
>> (B) sexual behavior with or upon another child that indicates a significant risk to other children.

*Id.* § 80-1-102(78)(a).

¶11 This court need look no further than the statutory text to reach its conclusion. The Definition clearly states that "sexual abuse" is a "[s]evere type of child abuse or neglect" when committed by an adult. *Id.* There is no need (or leeway) to measure harm—the legislature has deemed such sexual abuse to be a "[s]evere type of child abuse or neglect" in substantiation proceedings.

¶12 In resisting that conclusion, A.C. conflates several terms. First, A.C. asserts that the Definition "must be read in conjunction and harmonized with relevant definitions applicable to all of" the Management Information System and Licensing Information Act (the Act). *See generally id.* §§ 62A-4a-1001 to -1010 (2018).

Previously, several of the seven categories listed in the Definition as "[s]evere type[s] of child abuse or neglect" were defined in the Act by reference to definitions of the same terms in the Juvenile Court Act. *See id.* §§ 62A-4a-1002(1)(a), 62A-4a-101(28)–(31), 78A-6-105(46)–(49).[8] A.C. argues that "[b]y incorporating these definitions, [the Act] also incorporated a sharp distinction between 'severe abuse' and non-severe 'abuse.'" This argument rested on the Juvenile Court Act's definition of "severe abuse" as "abuse that causes or threatens to cause serious harm to a child," *id.* § 78A-6-105(46), compared to its definition of "abuse" as including "(A) nonaccidental harm of a child; (B) threatened harm of a child; (C) sexual exploitation; (D) sexual abuse; or (E) human trafficking of a child," *id.* § 78A-6-105(1)(a). A.C. asserts that "[t]he Legislature's express inclusion of 'sexual abuse' as a form of non-severe 'abuse' under [the Act] indicates that the term 'sexual abuse' . . . is itself divided into two categories—non-'severe' and 'severe.'" But he is incorrect. The Definition does not address "abuse" as a stand-alone term. And the incorporated definitions were for the listed *categories* of "[s]evere type[s] of child abuse or neglect"—not for that term itself. For those categories, each term carried the same meaning in the Act as it did in the Juvenile Court Act. But "[s]evere type of child abuse or neglect" was not used in the Juvenile Court Act, and its definition was not incorporated therefrom. Rather, it is a term specific to the LIS. Furthermore, the legislature's use of quotation marks around "[s]evere type of child

---

8. Currently, the Definition is included in the section containing definitions applicable to the entire Juvenile Code. *See* Utah Code Ann. § 80-1-102 (LexisNexis Supp. 2022). This change renders our interpretation of the Definition even more obvious because we no longer need to reference multiple acts to find the definitions for each of the categories listed as "[s]evere type[s] of child abuse or neglect." However, our interpretation does not rely on this change. Our interpretation rests on the plain language of the Definition. The Definition was clear then and is clear now about the meaning of "[s]evere type of child abuse or neglect."

abuse or neglect" in the Definition confirms that it is a single term not divisible into separate parts, each part with its own definition. Instead, the single term is clearly defined by stating what it "means" in the Definition. *See id.* § 80-1-102(78)(a) (Supp. 2022). And by its plain terms, it means—among other things—"sexual abuse."

¶13 Further, A.C.'s proposed interpretation invites problematic redundancies. A.C.'s argument that "sexual abuse" can be severe or non-severe suggests that "severe" has its own meaning. But "severe" is never defined in the relevant sections as a stand-alone term. *See id.* § 80-1-102; *id.* §§ 62A-4a-101, 78A-6-105 (2018). And, if "severe" has a stand-alone meaning applicable to "sexual abuse," we would also apply that meaning to modify each of the other categories, including "severe abuse" and "severe neglect." So, under A.C.'s interpretation, LIS inclusion would be required upon a finding of severe "severe abuse" or severe "severe neglect." This creates obvious redundancies rhetorically, but it creates substantive redundancies, too. Because "severe abuse" and "severe neglect" are defined as abuse or neglect "that causes or threatens to cause serious harm to a child," *id.* § 80-1-102 (76)–(77) (Supp. 2022), A.C. suggests that "severe" encapsulates this harm analysis such that DCFS or a court should determine if an instance of "sexual abuse" is "severe" enough for inclusion in the LIS. But extending this analysis to the other categories yields absurd results: it is illogical to ask DCFS or a court to determine whether "severe abuse" or "severe neglect" "cause[d] or threaten[ed] to cause serious harm to a child" because that determination has already been made by classifying a perpetrator's actions as severe neglect or severe abuse.

¶14 Additionally, the context of the language confirms that the legislature did not intend for sexual abuse by an adult against a minor to be weighed for harm. "Statutory construction presumes that the expression of one should be interpreted as the exclusion of another." *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14,

993 P.2d 875 (cleaned up). In contrast to the statute's unqualified inclusion of sexual abuse by adults as a "[s]evere type of child abuse or neglect," the Definition specifies that "sexual behavior" by a minor is a "[s]evere type of child abuse or neglect" only where it "indicates a significant risk to other children." Utah Code Ann. § 80-1-102(78)(a)(ii)(B). In other words, when two minors have sex, the legislature has determined that a risk analysis is appropriate. The inclusion of such an analysis for minor offenders further suggests that the lack thereof for adult offenders was intentional.

¶15    In sum, the legislature has mandated that if DCFS "makes a supported finding that an individual committed a severe type of child abuse or neglect, the division shall" enter the person's information into the LIS. *Id.* § 80-2-708(1)(b). DCFS made a supported finding that A.C. committed sexual abuse, which rendered A.C.'s actions categorically severe. And the court agreed that A.C.'s actions constituted sexual abuse. Therefore, A.C. must be relisted on the LIS. We do not have the latitude to ignore clear statutory language.

CONCLUSION

¶16    Because the juvenile court incorrectly interpreted the statute, its order is vacated to the extent it did not place A.C. on the LIS. The court is ordered to grant the State's post-judgment motion and modify its order to enter a substantiated finding that A.C. committed a severe type of child abuse or neglect and to place him on the LIS. _____